Filed 8/31/21

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SUBIONO WASITO et al., | 2d Civil No. B308826 |
| Plaintiffs and Respondents, | (Super. Ct. No. 18CV03322) (Santa Barbara County) |
| v. | |
| ADI KAZALI et al., | |
| Defendants and Appellants; | |
| BRENDAN MALONEY, | |
| Third Party Claimant and Respondent. | |

Adi Kazali, Santy Kazali, and Harry Kazali (Kazalis) appeal from two postjudgment orders awarding costs to Subiono Wasito and Enny Soenjoto and attorney fees to their attorney, Brendan Maloney. The Kazalis contend the trial court erred when it found the cost-shifting provision of Code of Civil Procedure[1] section 998 did not apply to their pretrial section 998

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

offer.  Here we hold that Labor Code sections 206 and 206.5 preclude a section 998 offer that resolves disputed wage claims if there are undisputed wages due at the time of the offer.  We affirm.

## FACTUAL AND PROCEDURAL HISTORY

For more than 28 years, Wasito and Soenjoto were employed as resident managers of a motel owned by the Kazalis. They were each paid biweekly salaries and annual bonuses.  In 2017, the Kazalis decided to close the motel for renovations. Wasito and Soenjoto were told that their employment would be terminated.  When Wasito and Soenjoto demanded their unpaid wages, the Kazalis paid their biweekly salaries, but not the 2017 bonuses, despite conceding that they were owed.

Wasito and Soenjoto filed a complaint against the Kazalis seeking unpaid wages including the 2017 bonuses.  The complaint alleged, among other things, that the Kazalis refused to pay the "bonuses in retaliation for [Wasito and Soenjoto's] earlier demand for unpaid wages."

The Kazalis made a section 998 offer to pay $300,000 in "settlement of all claims, damages, causes of action, costs, expenses, attorneys' fees, interest, and any other damages claimed by [Wasito and Soenjoto] in this action up to the date of this offer."  It stated:  "If the Offer is accepted, the Offer with proof of acceptance shall be filed with the Court for judgment accordingly."  The offer was set to expire 30 days later.

After the section 998 offer expired, the Kazalis sent Wasito and Soenjoto checks in the amount of $75,876.90 for the 2017 bonuses including interest and penalties.  Wasito and Soenjoto accepted the checks.

2

The case proceeded to trial, and the jury found in favor of Wasito and Soenjoto. The jury found the Kazalis owed them unpaid wages, which totaled $30.86 plus interest to each of them after the trial court adjusted the jury award based on posttrial pleadings. The jury also found that the Kazalis did not pay bonuses when due, and that Wasito and Soenjoto's complaint for unpaid wages "was a substantial motivating reason for [the Kazalis'] refusal to pay." The jury found the Kazalis owed waiting time penalties in the amount of $1.80 each after adjustment of the jury award. The jury also found the Kazalis failed to provide Wasito and Soenjoto with accurate itemized wage statements and awarded them $1,100 each.

Both parties filed a memorandum of costs and moved to tax costs. The Kazalis argued they were entitled to postoffer costs pursuant to section 998 because Wasito and Soenjoto failed to obtain a better result at trial.

The court found the cost-shifting provisions of 998 "violated Labor Code [section] 206.5 by withholding undisputed compensation while attempting to settle all claims. Therefore, CCP § 998 does not preclude any costs." The court granted Wasito and Soenjoto's motion to tax the Kazalis' memorandum of costs.

Wasito and Soenjoto moved for attorney fees pursuant to Labor Code section 218.5. The court granted the motion in part and awarded $66,700 in attorney fees.[2] In so

_____

[2] After the notices of appeal were filed in this case, the trial court amended the order for attorney fees to make it directly payable to Maloney. Maloney is a respondent and third-party claimant in this appeal.

3

ruling, the court found that Wasito and Soenjoto were the "prevailing party" (Lab. Code, § 218.5) because they "were paid substantially more than . . . after filing the case" and there was "no indication that [the Kazalis] would have paid those additional sums without the complaint being filed and served in this case."

## DISCUSSION

The Kazalis contend the trial court erred when it determined the section 998 offer violated Labor Code sections 206 and 206.5.  We disagree.

Pursuant to section 998, a party may make an offer to resolve a dispute no less than 10 days before trial commences. (§ 998, subd. (b).)  "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer."  (*Id*. at subd. (c).)

The cost-shifting provision of section 998 will not apply if the offer is invalid.  (See *McKenzie v. Ford Motor Co.* (2015) 238 Cal.App.4th 695, 706 [section 998 offer conditioned upon release of all known and unknown claims and release of claims that had not yet accrued was invalid].)  Where, as here, the parties dispute the validity of a section 998 offer and the relevant facts are undisputed, the issue is a legal question that we review de novo.  (*Barella v. Exchange Bank* (2000) 84 Cal.App.4th 793, 797.)

Respondents contend the section 998 offer violated sections 206 and 206.5 of the Labor Code.  They are correct. Labor Code section 206 provides that in "case of a dispute over wages, the employer shall pay, without condition . . . all wages, or parts thereof, conceded by [the employer] to be due, leaving to the

4

employee all remedies [the employee] might otherwise be entitled to as to any balance claimed." Labor Code section 206.5 provides that an "employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made. A release required or executed in violation of the provisions of this section shall be *null and void* as between the employer and the employee." (Emphasis added.)

"Wages are considered 'due' within the meaning of section 206 . . . when the employer concedes they are due . . . . Reading this provision in conjunction with section 206.5, the Labor Code requires payment by the employer of all wages considered 'due' within the meaning of section 206 before a release may be obtained from an employee in a wage and hour dispute." (*Shine v. Williams-Sonoma, Inc.* (2018) 23 Cal.App.5th 1070, 1077-1078.)

In *Reid v. Overland Machined Products* (1961) 55 Cal.2d 203, 206 (*Reid*), an employee brought a wage claim against his employer seeking an accounting for wages earned under his employment contract. The employer sent a check to the employee for wages it conceded it owed with an endorsement that the payment was "'payment in full for all commissions due' under the contract." (*Id*. at p. 206.) Our Supreme Court held that "no accord and satisfaction could result" from the retention of the check. (*Id*. at p. 208.) The court noted that Labor Code section 206 required an employer to pay without condition the amount conceded to be due and leave to the employee all available remedies for the balance. (*Reid*, at p. 207.) This is so because "the employer may not withhold wages concededly due to coerce settlement of the disputed balance." (*Ibid*.) "An employer

5

and employee may of course compromise a bona fide dispute over wages but such a compromise is binding only if it is made after the wages concededly due have been unconditionally paid." (*Ibid*.)

Here, the Kazalis conceded they owed the 2017 bonuses to Wasito and Soenjoto. They were therefore required to pay the bonuses before seeking a settlement of the wage claims. However, they did not do so. Instead they made a section 998 offer, which attempted to settle "all claims, damages, causes of action, costs, expenses, attorneys' fees, interest, and any other damages claimed by [Wasito and Soenjoto] in this action." Because they made the section 998 offer before paying the conceded bonuses, the offer was invalid. (*Reid*, *supra*, 55 Cal.2d at p. 207.) Accordingly, the cost-shifting provision of section 998, subdivision (c), did not apply.

The Kazalis argue that Labor Code section 206.5 does not invalidate the section 998 offer, arguing that they never required a release in exchange for payment of the bonuses. This claim lacks merit. The terms of the section 998 offer sought to settle "all claims, damages, causes of action," which included Wasito and Soenjoto's claims regarding payment of the 2017 bonuses. If the offer was accepted, the acceptance "shall be filed with the Court for judgment accordingly."

As the trial court correctly observed, had the Kazalis "paid the undisputed commissions before making the CCP § 998 offer or if [they] had made a new CCP § 998 offer after paying the undisputed commissions, the court would take a different view."

6

But because the Kazalis did not do so, the section 998 offer was invalid.[3]

## DISPOSITION

The judgment is affirmed.  Respondents shall recover costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>

TANGEMAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

---

[3] Because we conclude the section 998 offer violated Labor Code sections 206 and 206.5, we need not decide respondents' remaining contentions.

7

Pauline Maxwell, Judge

Superior Court County of Santa Barbara

_____

Edward Lowenschuss for Defendants and Appellants.
Brendan Patrick Maloney for Plaintiffs and Respondents.
Brendan Patrick Maloney, in pro. per., for Third Party Claimant and Respondent.